CALABRIA, Judge.
Where the State presented substantial evidence that defendant's assault on a detention facility employee inflicted physical injury, the trial court did not err in denying defendant's motion to dismiss. Where defendant agreed to the trial court's decision to instruct the jury on two offenses simultaneously, any error was invited error, and defendant will not be heard to complain on appeal. We find no error.
I. Factual and Procedural Background
On 1 April 2016, Tiffany Brace ("Officer Brace"), a correctional officer at Piedmont Correctional Facility, was monitoring dormitory units at the detention facility. Specifically, Officer Brace was monitoring an inmate who was making a telephone call. As the inmate was speaking on the telephone, another inmate, Lindsey Hayes ("defendant"), passed the first inmate a note, which was a violation of the rules. Officer Brace approached the first inmate and requested the note, which he provided. Defendant then swore at Officer Brace, another rules violation, and "snatched" the note, tearing it in half. As a defensive measure, Officer Brace drew her pepper spray. When defendant saw this, he became "more irate." Officer Brace observed that "he was getting loud, throwing his arms, being upset." She then handed her pepper spray to another officer, Sean Craven ("Officer Craven"), preparing to restrain defendant with her handcuffs. However, defendant resisted, and Officer Brace was forced to retrieve her pepper spray and spray defendant. Defendant then "immediately punched [Officer Brace] extremely hard" behind the ear, then grabbed Officer Brace by the ponytail and threw her "down on the concrete floor," where she "hit an iron gate." While she was on the floor, defendant kicked her on the side of her back. Officer Craven then attempted to restrain defendant, but defendant attacked him as well.
Defendant was indicted on two charges of assault on a detention facility employee inflicting physical injury, as well as attaining habitual felon status. At the close of the State's evidence, defendant moved to dismiss the charges, which the trial court denied. Defendant then presented evidence, and at the close of all the evidence, defendant renewed his motion to dismiss. Again, the trial court denied the motion.
In its jury instructions, the trial court instructed the jury on the offense of felony assault on a detention facility employee inflicting physical injury, the lesser included offense of misdemeanor assault on a detention facility employee, and the affirmative defense of self-defense. The jury returned verdicts finding defendant guilty of two counts of felony assault on a detention facility employee inflicting physical injury. Defendant pleaded guilty to attaining habitual felon status. The trial court consolidated the three offenses for judgment, and sentenced defendant to a minimum of 45 and a maximum of 66 months in the custody of the North Carolina Department of Adult Correction.
Defendant appeals.
II. Motion to Dismiss
In his first argument, defendant contends that the trial court erred in denying his motion to dismiss. We disagree.
A. Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting State v. Barnes , 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) ), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000).
"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 132 L.Ed. 2d 818 (1995).
B. Analysis
Defendant was charged with two counts of assault on a detention facility employee inflicting physical injury. Defendant contends, however, that the State presented insufficient evidence to support the element of "physical injury," and that therefore defendant's motion to dismiss should have been granted.
The statute under which defendant was charged provides that "a person is guilty of a Class I felony if the person ... Assaults a person who is employed at a detention facility operated under the jurisdiction of the State or a local government while the employee is in the performance of the employee's duties and inflicts physical injury on the employee ." N.C. Gen. Stat. § 14-34.7(c)(2) (2017) (emphasis added). The statute further provides that the term "physical injury" includes "cuts, scrapes, bruises, or other physical injury which does not constitute serious injury." N.C. Gen. Stat. § 14-34.7(c).
As a preliminary matter, we note that defendant's argument only addresses one of the two charges, specifically the charge of assault with respect to Officer Craven. Inasmuch as defendant raises no argument regarding the charge of assault with respect to Officer Brace, we deem such argument abandoned. See N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned").
At trial, Officer Craven testified that, as a result of the fight, he "had a scratch on [his] cheek, and the next day [he] had some stiffness in [his] neck." Defendant contends, however, that this testimony alone did not constitute "substantial evidence of physical injury."
Even assuming arguendo that this testimony was insufficient to show physical injury, however, defendant's argument fails to consider the other evidence of physical injury presented by the State. Subsequent to Officer Craven's statement that he had a scratch on his cheek and some stiffness in his neck, the State introduced seven photographs into evidence, without objection. These photographs presented a "fair and accurate depiction of the way [Officer Craven] looked after" the fight. One photograph showed "some redness" on the top of Officer Craven's head and at the bottom of his neck. Another showed "redness" on one side of Officer Craven's face, from his ear down the side of his neck. A third showed the other side of his face, a scratch mark on his cheek near his ear.
On appeal, defendant makes no argument with respect to this evidence. Nonetheless, in considering this evidence in the light most favorable to the State and giving the State the benefit of every reasonable inference, we hold that this constituted substantial evidence of physical injury. We therefore hold that the State presented substantial evidence of every element of the offense, and that the trial court therefore did not err in denying defendant's motion to dismiss.
III. Jury Instruction
In his second argument, defendant contends that the trial court committed plain error in failing to properly instruct the jury. We disagree.
A. Standard of Review
"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4) ; see also State v. Goss , 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), cert. denied , 555 U.S. 835, 172 L.Ed. 2d 58 (2008).
"Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Jordan , 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).
B. Analysis
Defendant was indicted on two separate charges of assault on a detention facility employee. During its instructions to the jury, however, the trial court instructed the jury on both offenses together, rather than charging on each offense separately. Because defendant raised no objection to this instruction at trial, defendant contends that this was plain error.
At the pre-trial conference, the following exchange occurred:
THE COURT: Yeah. That's what I'm going to do. Now, what I'm going to do is, I'm going to read the charge and instead of reading it-everything twice, I'm going to put in that he's been charged with assault of Tiffany Brace and Sean Craven, and then when I come to the elements, I'll put what he did to each one of them.
MR. GOULD: And I just-is-just making clear that there is-they have to find each of-one of them guilty beyond a reasonable doubt so that that's clear.
THE COURT: Any objection?
MR. HOFFMAN: Correct. It's two different charges.
THE COURT: Exactly. I mean, any objection to instead of reading the exact same thing two different times?
MR. HOFFMAN: I have seen judges do it the other way and it just takes a long time, and I think it may just confuse jurors when you do that.
THE COURT: I think they know what we've got.
MR. GOULD: The only reason I-I saw Ms. Biernacki had a case years ago and it came back because they did that. Where the judge just was clear enough, "Look, you've got to find them both." If you're going to-both charges separate. You've got to read them both because they're the same charge, but you've got to find them guilty for both of these or not guilty for both of these.
THE COURT: Exactly.
MR. GOULD: So that's all.
MR. HOFFMAN: Well, I'm fine with it. Wait a minute. Sorry. Are you saying they have to find him guilty of both or not guilty of both?
MR. GOULD: No. No. They have to just judge each one separately.
MR. HOFFMAN: Right. Right.
THE COURT: Exactly. Each one is a separate charge.
The trial court clearly expressed its intent to instruct the jury once on the charge, and to inform them to apply that instruction separately for each offense. Rather ironically, the State expressed more concern than defense counsel over this plan. Defense counsel readily agreed to it.
And therein lies defendant's problem. By agreeing to the trial court's decision to instruct the jury on both offenses at once, defendant invited the error he now challenges on appeal. See State v. Gainey , 355 N.C. 73, 110, 558 S.E.2d 463, 486 ("To the extent that defendant agreed with the trial court's manner of instruction, defendant has invited any alleged error, and he may not obtain relief from such error"), cert. denied , 537 U.S. 896, 154 L.Ed. 2d 165 (2002) ; State v. White , 349 N.C. 535, 570, 508 S.E.2d 253, 275 (1998) (" Where a defendant tells the trial court that he has no objection to an instruction, he will not be heard to complain on appeal"), cert. denied , 527 U.S. 1026, 144 L.Ed. 2d 779 (1999).
The transcript is quite clear. The trial court expressed its intent to instruct the jury on both offenses simultaneously. Not only did defendant fail to object, he actively agreed to it. We therefore hold that this constitutes invited error, and defendant will not be heard to complain of it on appeal.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge DIETZ concur.